**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FAKERIA PHILLIPS,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-14-1178** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **L. POTTER, MEDICAL** : | |
| **PERSONNEL**, *et al.*, : | |
| : | |
| **Defendants** : | |

**M E M O R A N D U M**

**I.    Introduction**

This civil action is filed by *pro se* plaintiff, Fakeria Phillips, under *Bivens*[1] and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, *et seq.*  Mr. Phillips alleges his constitutional rights were violated while incarcerated at the United States Penitentiary at Lewisburg (USP-Lewisburg), in Lewisburg, Pennsylvania. Specifically he alleges defendants were deliberately indifferent to his asthma condition by not timely providing him with a refill of his albuterol inhaler.  Pending before the court is a motion to dismiss and motion for summary judgment filed by the United States of America, the Federal Bureau of Prisons (BOP), Physician Assistant (PA) Alama, PA Francis Fasciana, Clinical Director Kevin Pigos, and

---

[1]  A *Bivens* claim is a constitutional tort claim named after the case in which the claim was first accepted, *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).  A *Bivens* action is the federal counterpart to an action filed under 42 U.S.C. § 1983.  *See Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004).

Health Services Administrator (HSA) Steve Brown.  For the reasons that follow, the defendants' dispositive motion will be granted and the Complaint will be dismissed without leave to amend.

## II.     Standards of Review

### A.     Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  "The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleadings, the plaintiff would be entitled to relief."  *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. at 1974.  "The plausibility standard is not akin to a 'probability requirement,' but

it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965).  "[L]abels and conclusions" are not enough, and a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986)).

"Pro se complaints are 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers[.]'"  *Jackson v. Div. of Developmental Disabilities*, 2010 WL 3636748, at *2 n.3 (3d Cir. 2010) (per curiam) (nonprecedential) (quoted case omitted).  Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (quoted case omitted).

The Third Circuit has described the Rule 12(b)(6) inquiry as a three-part process:

> First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (quoted cases omitted).

*Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012).

### B.     Motion for Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this evaluation, the court must determine "whether the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and whether the moving party is therefore entitled to judgment as a matter of law." *MacFarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 271 (3d Cir. 2012)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to nonmoving party. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202

(1986). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law. *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. at 2510). "[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006). The moving party has the burden of showing the absence of a genuine issue of material fact, but the non-moving party must present affirmative evidence from which a jury might return a verdict in the non-moving party's favor. *Liberty Lobby*, 477 U.S. at 256-57, 106 S.Ct. at 2514. "The non-moving party cannot rest on mere pleadings or allegations," *El v. Southeastern Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007), but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 231 - 232 (3d Cir. 2001). Allegations made without evidentiary support may be disregarded. *Jones v. UPS*, 214 F.3d 402, 407 (3d Cir. 2000). "Conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment." *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002). Hearsay testimony contained in affidavits or statements that would be inadmissible at trial may not be included in an affidavit to oppose summary judgment. *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Comp.*, 998 F.2d 1224, 1234 n. 9 (3d Cir. 1993). The

non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

## III.   Background

### A.   Allegations of the Complaint

On June 12, 2014, Mr. Phillips filed this action concerning his asthma care while housed at USP-Lewisburg.[2] (Doc. 1, ECF p. 6.)

On June 9, 2014, Mr. Phillips gave Emergency Management Technician (EMT) Potter an empty albuterol inhaler canister and requested a refill. (*Id*., ECF p. 2.) The next day, Mr. Phillips advised PA Alama that he was wheezing and having difficulty breathing. PA Alama "stated that he will make sure" that Mr. Phillips received a new inhaler that night. (*Id*.) Later that evening Mr. Phillips advised EMT Potter that he was wheezing and still had not received a new inhaler. EMT Potter advised Mr. Phillips that inhalers were now being refilled every ninety (90) days rather than every thirty (30) days. (*Id*.) He suggest Mr. Phillips speak with a physician assistant or physician. (*Id*.) Later that day Mr. Phillips filed a request slip with HSA Brown stating he was wheezing and asked why he had not yet received his inhaler. (*Id*., ECF p. 3.)

---

[2] Pursuant to the prisoner-mailbox rule, Mr. Phillips' Complaint is deemed filed the day he delivered ti to prison authorities for mailing. *Baker v. United States*, 670 F.3d 448, 453 - 57 (3d Cir. 2012) (citing *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988)).

-6-

On June 11, 2014, Mr. Phillips told John Doe defendant that he was wheezing and needed his inhaler. John Doe said there was "nothing" he could do and that he had to wait 90 days for a new inhaler.

On June 12, 2014, at approximately 6 a.m., PA Fascina examined Mr. Phillips and noted that he was "wheezing a little." (*Id.*) Mr. Phillips was not given a breathing treatment and was advised that "the region" was only providing inmates two inhalers per year, so "use it wisely". (*Id.*) He was advised that in the event he experienced any additional breathing problems he should have the block officer contact the medical unit. (*Id.*) Because Mr. Phillips had not yet received a response to his June 10, 2014-request to CHA Brown, he filed a second request on June 12, 2014, concerning his asthma inhaler. (*Id.*)

On an unspecified date Dr. Pigos examined Mr. Phillips at a chronic care clinic where he again complained of difficulty breathing. (*Id.*, ECF p. 4.) Mr. Phillips alleges that had Dr. Pigos "prescribed a stronger inhale[r for him] this issue wouldn't have occurred." (*Id.*)

Mr. Phillips asserts that all defendants are employees of the BOP and the United States. He avers the defendants have displayed deliberate indifference concerning his asthma condition which, if left untreated, will result in his death. (*Id.*) He believes requiring him to wait ninety (90) days for a replacement inhaler exposes him to an unreasonable risk of serious harm. As relief, Mr. Phillips seeks a permanent injunction calling for the "refills of his inhaler immediately upon any future request," as well as monetary compensation. (*Id.*, ECF p. 5.)

-7-

**B.    Mr. Phillips' Exhaustion of BOP Administrative Remedies**

Mr. Phillips states in his Complaint that he "has not exhausted any remedies with respect to this claim, however this complaint is filed under imminent danger, pursuant to 28 U.S.C. § 1915(g)." (Doc. 1, ECF p. 2.)

A January 15, 2015, search of BOP records reveals that Mr. Phillips filed a total of thirty-six administrative remedies during his incarceration with the BOP. (Doc. 19, Defs.' Statement of Material Facts (DSMF), ¶ 8.)  Five of those administrative remedies were filed after June 9, 2014, the day Mr. Phillips first requested a refill of his albuterol inhaler.  (DSMF ¶ 9.)  Administrative remedy 78740-F1 was filed on July 24, 2014.  That grievance complains that PA Fascina failed to announce his presence on the range when making rounds and that in May 2014, PA Fascina made false entries into Mr. Phillips' medical record.  (DSMF ¶ 10.)  This remedy was denied and closed on August 1, 2014.  (DSMF ¶ 11.)  Mr. Phillips' appeal of the Warden's decision was filed with the Regional Office on August 8, 2014.  The appeal included new issues not raised in the initial administrative remedy.  Specifically, Mr. Phillips included issues concerning his asthma condition and the lack of refills of his albuterol inhaler.  Because the Regional Office accepted this appeal, rather than assigning it a new grievance number, the BOP concedes that the issue of Mr. Phillips' inhaler is considered exhausted at the Regional Office level.  (DSMF ¶ 12.)  The appeal was denied and closed on September 4, 2014.  (DSMF ¶ 13.)  Mr. Phillips did not file an appeal of the Regional Office's decision to the Central Office.  (DSMF ¶ 14.)

On July 30, 2014, Mr. Phillips filed administrative remedy 788488-F1 at the institutional level complaining that he did not receive a timely refill of his albuterol inhaler.  (DSMF ¶ 15.)  It was rejected the same day due to Mr. Phillips' failure to first file an informal remedy.  (DSMF ¶ 16.)

Mr. Phillips filed administrative remedy 800670-F1 on November 7, 2014, at the institutional level and requested asthma medication.  (DSMF ¶ 17.)  This administrative remedy was denied and closed November 17, 2014.  (DSMF ¶ 18.)  Mr. Phillips then filed an appeal of the Warden's decision with the Regional Office on December 1, 2014.  (DSMF ¶ 19.)  This administrative remedy was denied and closed on December 30, 2014.  (DSMF ¶ 20.)

As of January 20, 2015, Mr. Phillips had not filed any administrative remedies or appeals regarding his asthma care at the Central Office level.  (DSMF ¶ 21.)  He has not filed any administrative remedies regarding issues of deliberate indifference to his asthma condition.  (DSMF ¶ 22.)

Mr. Phillips has filed several administrative tort claims since his incarceration with the BOP.  (DSMF ¶ 23.)  None of the administrative tort claims filed by Mr. Phillips address the issues raised in his Complaint concerning his asthma medication.  (DSMF ¶ 24.)

IV.     **Discussion**

    **A.     Mr. Phillips Failed to Exhaust his *Bivens* Claims.**

Under the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, or any other federal law, he must

exhaust all available administrative remedies.  *See* 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.C. 983, 988, 152 L.Ed.2d 12 (2002).  There is no "futility" exception to the administrative exhaustion requirement.  *Ahmed v. Dragovich*, 297 F.3d 201, 206 (3d Cir. 2002)(citing *Nyhuis v. Reno*, 204 F.3d 65, 78 (3d Cir. 2000)).  The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368 (2006).  Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in the procedural default of a claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004).  Dismissal of an inmate's claim is appropriate when the prisoner has failed to exhaust his available administrative remedies before bringing a civil-rights action.  *Oriakhi v. United States*, 165 F. App'x 991, 993  (3d Cir. 2006)(per curiam)(nonprecedential)(citing *Ahmed*, 297 F.3d at 209 & n. 9).

All individuals incarcerated in institutions operated by the BOP may challenge any aspect of their confinement using the BOP's three-level administrative remedy process.  *See* Doc. 19, Defs'. Statement of Material Facts (DSMF), ¶ 1 and ¶ 2; 28 C.F.R. § 542.10, *et seq*.  First, an inmate is to informally present the issue of concern to his unit team through an informal resolution attempt.  DSMF ¶ 3; *see* 28 C.F.R. § 542.13.  If that does not resolve the issue, the inmate must submit a formal request for administrative relief to the warden.  DSMF ¶ 4; *see* 28 C.F.R. § 542.14. The warden is then to respond to the inmate's complaint within 20 calendar days. DSMF ¶5; 28 C.F.R. § 542.18.  An inmate dissatisfied with the warden's response

may submit an appeal to the Regional Director within 20 calendar days.  DSMF ¶ 6; *see* § 542.15(a).  If dissatisfied with the response from the Regional Director, the inmate may submit an appeal to the BOP's Central Office within 30 calendar days.  DSMF ¶ 7.  No administrative appeal is considered to fully and finally exhausted until it has been considered by the BOP's Central Office.  DSMF ¶ 1 and ¶ 7.

In this case, Mr. Phillips admits that he did not exhaust his administrative remedies prior to initiating this action.  (Doc. 1, ECF p. 2.)  It is undisputed that he filed his Complaint on June 12, 2014, only three days after first raising the issue of his need for a refill of his albuterol inhaler with EMT Potter, and the same day he filed a request slip concerning the same with PA Fascina.  (*Id.*, ECF p. 3 and p. 6.)  Mr. Phillips suggest that the failure to refill his albuterol inhaler constitutes a medical emergency or "imminent danger of serious physical injury" which excuses his failure to exhaust his administrative remedies in accordance with 28 U.S.C. § 1915(g).[3]  (*Id.*, ECF p. 2.)  Mr. Phillips' reliance on 28 U.S.C. § 1915(g) in this manner is misplaced.

Section 1915(g)'s "imminent danger" exception only applies to situations where a prisoner has filed three or more prior civil actions or appeals which were

---

[3] Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

dismissed as frivolous, malicious, or for failure to state a claim and thus is prohibited from proceeding *in forma pauperis*. The "imminent danger" exception allows such three-striker inmates who are otherwise ineligible to proceed *in forma pauperis,* the ability to do so if "the prisoner is in imminent danger of serious physical injury" at the time the complaint was filed. *See* 28 U.S.C. 1915(g); *Ball v. Famiglio*, 726 F.3d 448, 467 (3d Cir. 2013). Mr. Phillips does not suggest any legal authority to support his assertion of an "imminent danger" exception to the PLRA's exhaustion requirement, and the court is unaware of the existence of any such exception.

The PLRA's exhaustion requirement specifically contemplates "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219, 127 S.Ct. 910, 923, 166 L.Ed.2d 798 (2007). This goal would be eviscerated if prisoners need only plead "imminent danger" to avoid the administrative exhaustion requirement. In light of the above, the court concludes that section 1915(g)'s "imminent danger" exception does not excuse a prisoner's failure to exhaust available administrative remedies. *See Reynolds v. Stouffer*, Civ. Action No. DKC-13-0824, 2014 WL 576299, at *4, (D. Md. Feb. 11, 2014), *aff'd*, 569 F. App'x 166 (4th Cir. 2014) (holding that the PLRA does not contain an "imminent danger" exception to exhaustion); *see also Dye v. Bartow*, 282 F. App'x 434, 436 (7th Cir. 2008) (no "medical emergency" exception to the PLRA's exhaustion requirement).

Based on Mr. Phillips' admission that he failed to exhaust his administrative remedies concerning the failure to timely refill his asthma inhaler prior to initiating this action, and the absence of an "imminent danger" exception to the PLRA's exhaustion requirement, the defendants' motion for summary judgment will be granted as to Mr. Phillips' *Bivens* claims.

### B. Mr. Phillips Failed to Exhaust his FTCA Medical Negligence Claim.

Defendants assert that before Mr. Phillips may bring an action under the FTCA, he must first present his claim to the appropriate federal agency and wait for the agency to decide or deny the claim. (Doc. 18, ECF p. 10) (citing 28 U.S.C. § 2675).

A claimant advancing an FTCA claim must first exhaust their administrative remedies prior to invoking the judicial process. *Shelton v. Bledsoe,* 775 F.3d 554, 569 (3d Cir. 2015).

> No claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim. 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 112, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Deutsch v. United States*, 67 F.3d 1080, 1091 (3d Cir. 1995) ("[A] claimant must have first presented the claim, in writing and within two years after its accrual, to the appropriate federal agency, and the claim must have been denied.") This requirement is jurisdictional and cannot be waived. *Rosario v. Am. Export-Isbradtsen Lines, Inc.*, 531 F.2d 1227, 1231 (3d Cir. 1976).

*(Id.)*

In this instance, defendants assert that none of the administrative tort claims filed by Mr. Phillips address the issue of his asthma care. (DSMF ¶¶ 23 -24.) Mr. Phillips "concede[s] that he may not have exhausted his FTCA claims." (Doc. 21, Pl.'s Opp'n Br., ECF p. 3.) As "[t]he FTCA precludes suit against the United States unless the claimant has first presented the claim to the relevant Federal agency and the claim has finally been decided," *see Lightfoot v. United States*, 564 F.3d 625, 626 - 27 (3d Cir. 2009), and Mr. Phillips has failed to even initiate the administrative tort claim procedure concerning his asthma treatment, defendants are entitled to summary judgment on this claim.

### C.    Amendment of the Complaint would be Futile.

Federal Rule of Civil Procedure 15(a)(2) states that "the court should freely give leave [to file an amended complaint] when justice so requires." In deciding whether to allow a party to amend a complaint, courts may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The Third Circuit Court of Appeals has held that a district court may deny leave to amend when the amendment would not cure the deficiencies of the original complaint or if the amended complaint would not withstand a renewed motion to dismiss. *See Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

Here, because Mr. Phillips failed to exhaust his administrative remedies prior to filing his Complaint, any proposed amendment would be futile.  *See Ahmed,* 297 F.3d at 206. Therefore, Defendants' motion for summary judgment will be granted and the Complaint dismissed without leave to amend.

An appropriate Order follows.

                                           **/s/ A. Richard Caputo**
                                           **A. RICHARD CAPUTO**
                                           **United States District Judge**

**Date:  July   9  , 2015**